## Van Buskirk et al. *versus* Dawley.

The Road Commissioners of Erie County have not, under the provisions of the General Road Law, or the special Acts of Assembly relating to Erie county, the authority to re-locate an old road, and if in the pursuit of such purpose they remove a fence, they are liable to the owner thereof in trespass.

October 23d 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1879, No. 40.

Trespass by John W. Dawley against Marcus Van Buskirk and others.

The defendants, Marcus Van Buskirk and C. Peiffer, were, at the time of the alleged trespass, two of the three road commissioners of the township of Franklin, in the county of Erie.   The action was brought against them for the removal of the plaintiff's fence, whilst acting in their official capacity.   The other defendants were doing the work under the direction of the road commissioners.

The trespass was alleged in the *narr.* to have been committed on the 15th of September 1875.

The defendants claimed that all that was done by them was within the scope of their jurisdiction and authority as commissioners of roads and highways under the provisions of the road laws of Erie county.

There was, in 1833, a public highway established upon the whole length of what is now the west line of Franklin township.   The townships of Girard and of Elk Creek were on the west side of the line.   Its centre line being said township line, was recorded together with an order for opening it fifty feet wide.

In 1833 nearly the whole distance was an unbroken wilderness. Its limited use was by a winding path or track amongst trees and stumps, for several years thereafter.

At a later period the owners on either side began to fence in their lands as they cleared and occupied them, placing their fences wherever it suited their convenience, in some places making the road but little more than half its recorded width.   The fences were frequently moved by the land-owners in or out of the road as suited their convenience.   The plaintiff, Dawley, about four years before the act complained of, moved his fences back into his fields on both sides of the road, he being the owner on both sides.   If he had removed them back into his fields on the east side of the road only, to a line fifty feet east of where the west line fence then stood, the centre of this fifty feet would have been the true centre of the road, or nearly so.   But as the fences were placed by him in moving them, the greater part of the road was thrown into Girard township. The wagon track, at that time, was mostly in Girard township.

[Van Buskirk *v.* Dawley.]

In May 1874, the commissioners of Franklin and Girard directed George Platt, the county surveyor, to survey the road and report to them. This he did, and on the 28th of May 1874, they adopted his survey, and it was entered on the town book, and on the 12th of June 1874, it was regularly recorded in the record of roads in the office of the county commissioners. Immediately after this the road commissioners caused a written notice to be served upon all the owners whose fences were found to be in the road, requesting them to remove the same out of the bounds of the fifty feet. This was done by all such land-owners excepting the plaintiff. In 1875, the commissioners again personally notified Dawley to remove his fence, which he refused to do.

On September 15th 1875, the commissioners moved the fence in dispute back about six feet, so that it would be out of the highway as surveyed and recorded in 1874. On the 22d of September 1875, Dawley brought this suit of trespass against the road commissioners and their workmen, as *individuals*, and declared in trespass.

As shown by the maps and geography of Erie county, the township of Franklin is an exact parallelogram, and nearly a square. Its boundaries are straight lines upon the cardinal points of compass. It has a system of roads running from north to south, one mile apart, six in number. One of these public roads forms the eastern boundary of the township, and one the western. This latter was the one in controversy. All these roads are laid upon the tract lines, these tracts being the original surveys of the Population Land Company. The township has a very level surface, and the straight lines of these roads are carefully maintained in working the roads, except at the deep gulf cut through this level surface by the waters of a small creek. These six parallel roads are one mile apart, rendering it impossible for any one to be mistaken as to the true location of the roads. These straight lines upon this level surface the inhabitants have been anxious to maintain, both for utility, uniformity and beauty. Every obtruding fence, tree or other structure, interferes with the view of the traveller for miles.

A reference to the various Acts of Assembly under which the commissioners claimed the authority for their action will be found in the opinion of this court.

The following were among the points of the defendants, with the answers of the court thereto:

3. That, if the defendants being such commissioners, caused the public road in front of the plaintiff's house to be surveyed on the first day of June 1874, and recorded in the commissioners' office of Erie county on the twelfth day of the same month of June 1874, according to the provisions of the third section of said Act of 1857, they were acting within the scope of the powers and jurisdiction conferred upon them by the said several Acts of Assembly, and are

[Van Buskirk *v.* Dawley.]

not liable in their personal and individual capacity, in this form of action, unless they acted maliciously.

. Ans. "This point is refused. The commissioners could not lawfully change the road from the location on which the road-bed had been and was travelled for some forty years, unless by the regular proceeding to alter the road as provided by law. A re-survey in order to ascertain where the road ought to have been originally placed, as appears to have been the purpose here, does not constitute an alteration such as meant by the use of that term in the road law, and which would require parties aggrieved to appeal as provided in said act."

4. That having, as aforesaid, established the road and marked its boundaries, the commissioners had the power, and their duty to the public required them, to remove the plaintiff's fence and any other obstructions of the road.

Ans. "Refused."

6. That if this act of the commissioners made an alteration in the road, the recording of the same was notice to the plaintiff and all others; and the only redress that the plaintiff had for an injury or damage suffered by him in consequence of such alteration, was against the township, as provided by the sixth, eighth, ninth, tenth, eleventh and twelfth sections of the Act of the 26th of March 1846, Pamph. L., pp. 176, 177.

Ans. "Refused."

7. That the provisions of said act supersede and take away the common-law remedy, as provided by the thirteenth section of the Act of the 21st of March 1806, Purd. Dig. 58, pl. 5.

Ans. "This point is affirmed in case there was an alteration of the road such as contemplated by the act. But we charge you that there was no such alteration as meant by the act."

10. That the centre line of the road being a township line, thus making it a road to be maintained at the joint expense of the town-ships of Franklin and Girard, it requires clear evidence to show that it is not in fact on the township line.

Ans. "Refused."

16. That if the jury find that the plaintiff did so change the fence before the commission of the acts complained of in the plain-tiff's declaration, then the record of the road must be their guide in determining its location, in default of evidence showing where the supervisors opened it.

Ans. "The road as built and travelled over by the public, in the absence of proof of just where the original location was made, is conclusive. The point as put is refused."

In the general charge, the court, Galbraith, P. J., inter alia, said:—

"If the fence removed was within the highway, the defendants would be justified and plaintiff cannot maintain his action. On

[Van Buskirk *v.* Dawley.]

the contrary, if the plaintiff's fence was not within the limits of the road, the defendants would have no more right to interfere with it than any other citizen, and they are liable to the plaintiff in damages.

"There is, therefore, as you will see, but one question to be decided by the jury, namely, where was the highway as relates to the fence in question; and this fact you will determine under the rules of law as given to you by the court.

"When a road has been once located and opened, the road commissioners have no right to re-locate it in order to place on what they may suppose to be its recorded site, even should the original opening and laying out on the ground be entirely away from the paper-line as recorded. When the road-bed is fixed and used and travelled by the public, there it must remain until it is changed by due process of law.

"There seems to be little room for question as to the location of this road on the ground, and that it is now just about where it has been for more than a generation past; and the testimony shows that through the land of plaintiff, and opposite the place where the alleged trespass was committed, the road-bed has always been pretty nearly straight.

"Having determined where the road-bed was originally opened, you will determine whether the fence in question was within twenty-five feet of the centre of the road-bed. If you find that any portion of plaintiff's fence was within that distance of the middle of the travelled road as it has been always used, then so far as such portion of plaintiff's fence is concerned defendants would be justified; but the fact of some portion of the fence being within the line would not justify the defendants in going beyond that and interfering with the remainder of plaintiff's fence not so within said highway, and if they did do so, they are answerable in damages for such trespass."

Verdict for plaintiff, when defendants took this writ, and alleged that the court erred in the answers to the above points.

*S. E. & T. S. Woodruff,* for plaintiffs in error.—Township officers are not personally liable for acts done honestly in the exercise of a discretion, even if injury result therefrom: Yealy *v.* Fink, 7 Wright 212. Public officers are not answerable personally, unless their acts are malicious: Burton *v.* Fulton, 13 Wright 151; Weckerly *v.* Geyer, 11 S. & R. 39. An officer is protected when he decides he has jurisdiction, even though he had none: 2 Hilliard on Torts 192; Gray *v.* Cookson, 16 E. 13.

The proceedings under these road laws of Erie county are conclusive and binding on every citizen of the township, whether a party to them or not: Millcreek Township *v.* Fickinger, 1 P. F. Smith 48. Adjoining owners who put their fences on the highway

[Van Buskirk *v.* Dawley.]

cannot claim immunity or prescriptive right by lapse of time. To have sustained this action of trespass the plaintiff should have clearly shown his right to possession as against the Commonwealth, and that the title she had under the record of 1833 had been divested by some agent authorized to act for her.

*Cutler & Hinds*, for defendant in error.—The powers and duties of the road commissioners of Erie county are both judicial and ministerial; in their judicial capacity exercising the powers formerly vested in the Court of Quarter Sessions, in laying out, vacating and altering roads. In all other respects their powers and duties are ministerial, and the same as were vested in the supervisors under the General Road Law; and they had no more authority to tear down the plaintiff's fence to make it correspond with Platt's survey than the supervisors had under the general law: Holden *v.* Cole, 1 Barr 303; McMurtrie *v.* Stewart, 9 Harris 322; Ross *v.* Malcom, 4 Wright 285.

If those who have a limited authority transcend their powers, they subject themselves to an action of trespass: 2 Hilliard on Torts 186.

The act, too, was unnecessary and wanton. Here was a straight and well-worked road, fifty feet in width, which had been opened and travelled by the public for over forty years. The motive, therefore, of the commissioners must be looked for outside of the public interest or their duty to the community.

The judgment of the Supreme Court was entered, November 3d 1879,

PER CURIAM.—The road in question was simply surveyed to ascertain the original location. This it was decided by this court in Holden *v.* Cole, 1 Barr 303, cannot be done by supervisors under the General Road Law—and if in doing so they remove a fence they are liable in trespass. It is contended, however, that the removal of the fence of the plaintiff was a lawful exercise of the powers conferred on the road commissioners of Erie county by the special Acts of Assembly of 13th April 1843, Pamph. L. 217; 26th March 1846, Pamph. L. 175; 15th April 1857, Pamph. L. 205, and 2d March 1858, Pamph. L. 63. We cannot, however, find in those acts any power to re-locate an old road. Their power is to alter, vacate or lay out a new road. It is for this that an appeal and proceeding for damages are provided for any one aggrieved by their proceedings. The plaintiff below is given no appeal or redress for re-locating an old road. The answer to his complaint would have been, this is but marking the true lines of an existing road, for which you or your predecessors in title have already had their opportunity to obtain redress. There was a defect of power

[Van Buskirk *v.* Dawley.]

in the defendants as commissioners, and they were therefore individually liable to the plaintiff in damages.

Judgment affirmed.